

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

Grover Sellers
~~WILL WILSON~~
**ATTORNEY GENERAL**

Honorable Leonard Carlton, Commissioner
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-6879
Re: Legality of certain fees
charged by employment
agencies in Texas.

Your recent letter submitted for our consideration and opinion reads as follows:

"Section 11 of the Texas Employment and Labor Agency Law authorizes a fee to be charged for obtaining employment, such a fee in no event to exceed $3.00 and same to be collected from the applicant only after employment has been obtained and accepted by the applicant. This section further provides that such agents engaged exclusively in providing employment for skilled professional or clerical positions may charge a fee not to exceed 30 percent of the first month's salary.

"a. It has been called to our attention that certain employment agencies in this State charge a registration fee, that is, when an applicant desires to be placed on the agency's available list the applicant pays said agency a fee regardless as to whether or not employment is ever given him or her. Is this permitted by the statutes?

"b. Other agencies charge a flat monthly registration fee such as either $1.00 or $2.00 a month, this sum to be paid by the applicant regardless of whether or not employment is obtained, and upon the refusal or failure of the applicant to pay said registration fee his name is withdrawn from the list of available employees. Is this permissible under the Texas statutes?

"c. Some agencies, while charging a flat registration fee of either $2.00 or $3.00, then upon obtaining and acceptance of employment of

the applicant deduct that from the authorized
30 per cent commission. Is this practice per-
missible under our statutes?

"d. Certain nurses organizations in this
State are operating as above outlined but claim
exemption by virtue of Section 2 of the Act.

The present Texas Employment and Labor Agency Law was enacted
by the 48th Legislature, Acts of 1943, page 86, chapter 67, and is designated
in Vernon's Annotated Civil Statutes of Texas, 1925, as amended, as Article
5221a-4. Section 1 (3) defines an employment or labor agent as follows:

"(e) 'Employment or Labor Agent' means any
person in this State who for a fee offers or at-
tempts to procure or procures employment for em-
ployees, or with a fee offers or attempts to
procure or procures employment for common laborers
or agricultural workers, or any person who for a
fee offers or attempts to procure or procures
employees for employers, or without a fee offers
or attempts to procure or procures common laborers
or agricultural workers for employers, or any per-
son, regardless of whether a fee is received or due,
offers, or attempts to supply or supplies the services
of common or agricultural workers to any person."

Section 2 of the Act sets forth the exceptions to the pro-
visions of this Act and among other things states that, "the provisions
of this Act shall not apply to any person, corporation, or charitable
association, chartered under the laws of Texas for the purpose of conducting
a free employment bureau or agency; nor to any veterans' organization or
labor union; nor to any nurses' organization operated not for profit, to
be conducted by recognized professional registered nurses for the
enrollment of its professional members only for the purpose of providing
professional service to the public." (Underscoring ours).

Section 11 of the Act is as follows:

"Fees. Where a fee is charged for obtain-
ing employment such fee in no event shall exceed
the sum of Three ($3) Dollars, which may be col-
lected from the applicant only after employment
has been obtained and accepted by the applicant;
provided, however, employment or labor agents
engaged exclusively in providing employment for
skilled, professional, or clerical positions may
charge, with the written consent of the applicant,
a fee not to exceed thirty (30) per centum of the

> first month's salary, which may be collected from
> the applicant only after employment has been obtain-
> ed and accepted by the applicant."

State statutes fixing the maximum compensation or fees which
a private employment agency may collect from an applicant for employment
have been upheld as a proper exercise of the state's police power
and as being for the general welfare of the people of the State in general.
Constitutional Law, 16 C. J  S. 1444, per 690, note 11.  In the case of
Olsen vs. State of Nebraska, (U. S. Sup. Ct., 1941) 313 U. S. 236, 85
L. ed. 130, 61 S. C. R. 862, 133 A. L. R. 1500, the Supreme Court of the
United States overruled an earlier decision and upheld a similar Nebraska
Statute regulating private employment agencies which fixed the maximum
compensation which an agency might collect from an applicant for employ-
ment.  The Court in the Olsen case overruled the case of Ribnik vs. McBride
(1929 277 U  S. 350, 72 L. ed. 913, 48 S. C  R. 545, 56 A. L. R. 1321,
and in the Olsen case said:

> "The drift away from Ribnik v. McBride
> . . . has been so great that it can no longer
> be deemed a controlling authority.  It was de-
> cided in 1928 . . . The subsequent cases in
> this court (with two exceptions) have given
> increasingly wider scope to the price-fixing
> powers of the state and of Congress."

Ribnik vs. McBride controlled the decision of the Texas Court
of Criminal Appeals in the case of Karr vs. State (1932), 122 Tex. Crim.
Rep. 88, 54 S. W (2d) 92, where it was held that the then Article 1589
of the Penal Code, 1925, (since repealed by the present Section 11 of
the present Texas Employment and Labor Agent Law), making it a criminal
offense for employment agencies to engage in providing employment for
skilled, professional, or clerical positions to charge for such services
a fee exceeding twenty (20) per cent of the first month's salary was held
violative of the due process clause of the 14th Amendment to the Federal
Constitution.  Judge Christian, writing for the Court in the Karr case
held:  "The decision of the Supreme Court of the United States in Ribnik
v. McBride, supra, touching the power of the state to regulate fees
that may be charged by employment agencies, is binding upon this court.
Giving it effect in the present case, it becomes our duty to order a
reversal."  In view of the later opinion of the Supreme Court in the Olsen
case, and the authorities cited in 16 C. J. S., supra, it is our opinion
that Section 11 is valid.

We therefore, answer your questions a, b, c, and d, in the
negative.  The provisions of Section 11 are plain.  A Three ($3) Dollars
fee "may be collected from the applicant only after employment has been
obtained and accepted by the applicant"; but where the employment or
labor agent is engaged exclusively in providing employment for skilled,
professional, or clerical positions, he may charge "with the written consent

of the applicant a <u>fee not to exceed thirty per cent of the first month's salary</u>, which may be collected from applicant only after employment has been obtained and accepted by the applicant."

The fees are to be paid by the applicant or employee only after the employment has been obtained and accepted by the applicant. Any fee or charges made to or paid by the applicant prior to this event is contrary to and is an attempt to circumvent the statute. The payment of the fees are contingent upon obtaining employment and the acceptance of the employment by the applicant.

As to your question (d), if these nurses organizations are operated <u>for a profit</u> then they do not come within the purview of the exceptions provided by section 2 of the Act and the provisions of the Act govern such organization.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

David Wuatch
Assistant

APPROVED OCT. 19, 1945
s/ CARLAS C. ASHLEY
FIRST ASSISTANT
ATTORNEY GENERAL